**UNITED STATES of America,**

v.

**Frederick E. SAXTON, Appellant.**

**No. 02–1328.**

United States Court of Appeals, Third Circuit.

Submitted Oct. 28, 2002.

Decided Nov. 7, 2002.

Before NYGAARD, GARTH, and MICHEL,[1] Circuit Judges.

## OPINION

GARTH, Circuit Judge.

Appellant Frederick E. Saxton appeals the district court's judgment of sentence. The district court had overruled Saxton's objection to a two-level increase in the offense level for "more than minimal planning" pursuant to Sentencing Guideline § 2B1.1(b)(4)(A) (2000).[2]

We affirm.

## I.

Because we write solely for the benefit of the parties, we recount the facts and procedural history of the case only as they are relevant to the following discussion.

In 1979, Sue Ellen Saxton,[3] Frederick Saxton's wife, was elected Prothonotary and Clerk of Courts for Mifflin County, Pennsylvania, an office she held until August 2000. An investigation revealed that throughout her twenty-year career, she embezzled funds collected in the normal course of business and converted these funds for the personal use of herself and Frederick. On February 21, 2001, the Government filed an Information charging Sue Ellen and Frederick with one count for violation of 18 U.S.C. § 371 (conspiracy) involving: the embezzlement of money from a program receiving federal funds, 18 U.S.C. § 666(a)(1)(A); the transportation of stolen money in interstate commerce, 18 U.S.C. § 2314 and the receipt of stolen money which has crossed a state or United States boundary, 18 U.S.C. § 2315. The Information charged that the conspiracy began in or around January 1993 and continued to at least April 2000. On January 23, 2001, Frederick pled "guilty" before the district court to the one count of conspiracy, in violation of 18 U.S.C. § 371.

The district court held a sentencing hearing on January 18, 2002. Among other things, it determined that an upward departure from the Sentencing Guidelines of two levels from offense level 12 (which under Criminal Category I provides for a range of incarceration of 10 to 16 months) to offense level 14 (which under Criminal Category I provides for a range of incarceration of 15 to 21 months) was warranted under U.S.S.G. § 2B1.1(b)(4)(A) for "more than minimal planning." Accordingly, the district court sentenced Frederick to a 15–month term, followed by three years supervised release, a $100 special assessment and restitution in the amount of $995,930.90, to be paid by Frederick and Sue Ellen, jointly and severally.

In denying Frederick's objection to the two-level increase, the district court stated that his repeated acts of accepting money from his wife over a period of time distinguished his case from the usual case involving conspiracy in violation of 18 U.S.C.

1. The Honorable Paul Redmond Michel, United States Court of Appeals, Federal Circuit, sitting by designation.

2. While the most recent amendments to the Sentencing Guidelines have abolished the more than minimal planning offense level adjustment, the guidelines used in connection with Saxton's sentence authorized such an adjustment. *See* U.S.S.G. § 2B1.1(b)(4)(A) (2000).

3. *United States v. Sue Ellen Saxton* appeal No. 01–1326 is based on the same facts related herein. A separate opinion resolving that appeal will be filed.

§ 371, especially since the legitimate combined income of the couple paled in comparison to the sums the couple spent and Frederick, as Sue Ellen's husband, had the ability to stop her at any time from her illegal acts. The district court further noted Frederick's willing participation, over time, in the couple's lavish lifestyle.

This timely appeal followed.

## II.

We have jurisdiction to hear Frederick Saxton's appeal of the application of U.S.S.G. § 2B1.1 pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291. We review a district court's determination as to whether the commission of some particular offense involved more than minimal planning for clear error. *United States v. Cianscewski,* 894 F.2d 74, 82 (3d Cir.1990).

The Sentencing Guideline Section 2B1.1(b)(4)(A) provides, in relevant part: "If the offense involved more than minimal planning, increase [the offense level] by 2 levels...." U.S.S.G. § 2B1.1(b)(4)(A). " 'More than minimal planning' is deemed present in any case involving repeated acts over a period of time, unless it is clear that each instance was purely opportune." U.S.S.G. § 1B1.1, Application Note 1(f).[4]

Frederick argues that the district court erred in increasing his offense level by two levels based on his conduct reflecting "more than minimal planning" under U.S.S.G. § 2B1.1 because his conduct of repeatedly accepting monies from Sue Ellen, over time, was typical for the commission of the crime for which he pled guilty and was purely opportune.

Saxton's argument is without merit. This Court has defined "purely opportune" as " 'spur of the moment conduct, intended to take advantage of a sudden opportunity.' " *United States v. Monaco,* 23 F.3d 793, 797 (3d Cir.1994) (quoting *United States v. Rust,* 976 F.2d 55, 57 (1st Cir. 1992)). This Court has determined that more than minimal planning existed, rather than taking advantage of a sudden opportunity, where the defendant over a period of a few months, on four occasions, submitted false billing statements, *id.,* and where the defendant was responsible for delivering 28 documents on three occasions to carry out a fraud. *United States v. Kopp,* 951 F.2d 521, 536 (3d Cir.1991), *overruled, in part, by statute on other grounds, by United States v. Corrado,* 53 F.3d 620 (3d Cir.1995). *See also United States v. Georgiadis,* 933 F.2d 1219, 1221, 1227 (3d Cir.1991) (administrator of Bank's mortgage settlement closings who diverted settlement funds into his own accounts many times over a period of time engaged in "more than minimal planning.").

Frederick's participation in multiple deposit transactions of embezzled funds into his and Sue Ellen's personal account, in addition to his frequent thousands-of-dollars gambling sprees with Sue Ellen in Atlantic City, New Jersey, fails to qualify as "spur of the moment conduct," or the taking advantage of a "sudden opportunity." Accordingly, the district court did not clearly err in determining Frederick's sentence based on a two-level increase in offense level for more than minimal planning pursuant to U.S.S.G. § 2B1.1(b)(4)(A).

## III.

We will affirm the district court's judgment of sentence.

---

4. More than minimal planning also exists "if significant affirmative steps were taken to conceal the offense...." U.S.S.G. § 1B1.1, Application Note 1(f). The district court did not rely on this ground, however.